# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Scott Rosenberg, | : |
|              Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Ally Financial, Inc., | : **DEMAND FOR JURY TRIAL** |
|              Defendant. | : |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Scott Rosenberg, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Scott Rosenberg ("Plaintiff"), is an adult individual residing in Nashville, Tennessee, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Ally Financial, Inc. ("Ally"), is a Michigan business entity with an address of 200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265-2000, and is a "person" as defined 47 U.S.C. § 153(39)

**FACTS**

5. In August 2015, Ally began calling Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS").

6. When Plaintiff answered calls from Ally, he heard silence before he was transferred to a live Ally representative.

7. The foregoing is indicative of a predictive dialer, which is an ATDS under the TCPA.

8. Plaintiff never provided Ally with his cellular telephone number or otherwise provided consent to receive calls from Ally.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227,** *et seq.*

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

11. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." Id.

12. Defendant's telephone system(s) has earmarks of a predictive dialer.

13. When Plaintiff answered calls from Defendant, he heard silence before Defendant's telephone system would connect her to the next available representative.

14. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. The telephone number called by Defendant was and is assigned to a cellular telephone serviced by Sprint for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

16. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing

      pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 14, 2016

      Respectfully submitted,

      By: /s/ Sergei Lemberg, Esq.
      Attorney for Plaintiff Scott Rosenberg
      Lemberg Law LLC
      1100 Summer Street
      Stamford, CT 06905
      Telephone: (203) 653-2250
      Facsimile:   (888) 953-6237
      Email: slemberg@lemberglaw.com